Dear Judge Plaisance:
You requested the opinion of this office concerning the compensation to be paid the Judge of the City Court of the City of Baker. Baker is a city with a population of 13,793 according to the official 2000 census.[1]
The compensation of city court judges in general is set forth in R.S. 13:1874, which provides in pertinent part as follows:
 A. (1) . . . city court judges shall receive an annual salary payable monthly in equal proportions by the respective municipalities and parishes where the courts are located, as follows:
* * *
 (b) Those in which the population of the territorial jurisdiction of the court is ten thousand or more but less than twenty thousand shall be paid a minimum salary of four thousand eight hundred dollars.
* * *
 (2) In addition to these salaries, they shall also receive the same fees as are payable to justices of the peace in all civil cases where the amount involved does not exceed one hundred dollars, exclusive of interest, and the same fees as are payable to clerks of district courts in all other civil cases. They shall not receive any fees in criminal matters, including peace bond cases.
* * *
 C. In all cases, the city and the parish, or either of them, may pay to the judges of their respective courts any additional salary that they may deem proper.
* * *
 E. In addition to the compensation and fees payable to the city court judges in this state under the provisions of this Section and R.S. 13:1875, each city court judge shall receive an annual salary of twenty- three thousand seven hundred sixty dollars, payable by the state and payable monthly on his own warrant. . . . (Emphasis added)
Your question pertains to whether the salary mandate set forth in R.S.13:1874(A)(2) is preempted by the last sentence of R.S. 13:2488.27, which prohibits the Baker City Council from establishing a fee basis compensation. R.S. 13:2488.27(B) provides as follows in pertinent part:
 B. The judge shall hold no other public office except that of notary public or membership in the reserve defense establishment. The judge shall not be a public officer, official, or employee nor shall he hold any public or political office or be an officer, official, employee or member of any political organization, committee, or factional group. The salary of the judge payable by the city shall be as fixed by the city council until changed by the council, by ordinance. No fee basis compensation shall be established by the council. (Emphasis added)
General rules of statutory interpretation include the following provisions of our Civil Code and Revised Statutes:
 C. C. art. 9: "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."
 C. C. art. 10: "When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law."
 C. C. art. 11: "The words of a law must be given their generally prevailing meaning . . ."
 C. C. art. 12: "When the words of a law are ambiguous, their meaning must be sought be examining the context in which they occur and the text of the law as a whole."
 C. C. art. 13: "Laws on the same subject matter must be interpreted in reference to each other."
 La.R.S. 1:3: "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning . . ."
 La.R.S. 1:4: "When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit."
It is the opinion of this office that when reading R.S. 13:1874(A)(2) and R.S. 13:2488.27 together there is no conflict. R.S. 13:1874(A)(2) provides that in addition to the annual salary set forth in R.S.13:1874(A)(2) which is based upon population, the City Court judges shall receive the same fees as are payable to justices of the peace in all civil cases where the amount involved does not exceed one hundred dollars, exclusive of interest, and the same fees as are payable to clerks of district courts in all other civil cases. The City Court judges are also paid an annual salary by the State. R.S. 13:1874(E). As a fourth means of funding the salary of the City Court judges, the City may pay any additional salary as the City may deem proper. R.S. 13:1874(C) and R.S. 13:2488.27. However, the city council cannot establish the salary on the basis of fees. Nor can the salary of a city court judge exceed the salary of a district judge of the judicial district in which the city court is located. R.S. 13:1874.1(A). "Salary" is defined to mean the total annual compensation paid directly or indirectly from all sources for services as judge. R.S. 13:1874.1(C).
Your second question is if these fees are allowed, how are they paid? In Baker, the Judge and clerk staff receive paychecks from the city treasurer. Therefore, should the court maintain its own payroll account or coordinate payment with the city finance department?
R.S. 13:2488.34 requires that all fines, forfeitures of bonds and penalties, excluding costs, shall be paid into the city treasury. The monies paid in the city treasury should be classified as criminal or civil fines, forfeiture or penalties in order to determine which monies can be attributed to your salary. The City finance department then should add the salary due under R.S. 13:1874(A)(1)(b), with the additional salary payable under R.S. 13:1874(A)(3), with the dollar amount determined to be equal to "the same fees as are payable to justices of the peace in all civil cases where the amount involved does not exceed one hundred dollars, exclusive of interest, and the same fees as are payable to clerks of district courts in all other civil cases" to compute the amount of your salary payable from the City. Of course, the amount of the State salary should be added to this subtotal to compare to the salary of the district court judges to insure that there is no violation of R.S. 13:1874.1. Without specific statutory authority, which we are unaware of, we do not suggest that the court establish its own payroll department.
Trusting this adequately responds to you request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: February 7, 2003
[1] Source: http://www.state.la.us/census/2000/demographic.htm